IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82502-TJM |
| | ) | |
| CHRISTINA ANN NEWMAN, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### **ORDER**

Hearing was held in Omaha, Nebraska, on May 19, 2008, on a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the U.S. Trustee (Fil. #20), and a Resistance filed by Debtor (Fil. #26). John T. Turco appeared for Debtor, and Jerry L. Jensen appeared on behalf of the U.S. Trustee.

### *Background*

Debtor filed this proceeding on December 11, 2007. According to the Chapter 7 Statement of Current Monthly Income, Debtor's current monthly income is $5,448.31 (which includes child support she receives in the amount of $541.67), or $65,379.72 annualized. Debtor's husband is <u>not</u> a debtor in this proceeding. However, the combined current monthly income of Debtor and her spouse is $12,528.31, or $150,339.72 annualized. The U.S. Trustee acknowledges that the presumption of abuse does not arise in this case primarily because Debtor and her spouse have secured debt payments for the first and second mortgages against their home in the total amount of $4,493.75. Debtor has estimated the value of her house at $500,000.00 even though she acknowledged the tax assessed value is $332,000.00 There is total secured debt against it of approximately $410,000.00.

### *Discussion*

11 U.S.C. § 707(b)(1) provides that a court may dismiss a case of an individual debtor whose debts are primarily consumer debts "if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. § 707(b)(2) outlines the "means test" to determine whether a "presumption of abuse" arises. As indicated previously, the presumption of abuse does not arise in this case. Therefore, the U.S. Trustee has filed the motion to dismiss under § 707(b)(3), which provides in pertinent part as follows:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in

>   subparagraph (A)(i) of such paragraph[1] does not arise or is rebutted, the court shall
>   consider –
>           (A) whether the debtor filed the petition in bad faith; or
>           (B) the totality of the circumstances . . . of the debtor's financial situation
>   demonstrates abuse.

Accordingly, even where the presumption of abuse does not arise under § 707(b)(2), this Court must still determine whether the granting of Chapter 7 relief in this case would constitute an abuse. Section 707(b)(3) provides the standard for such consideration, namely bad faith or the totality of circumstances of Debtor's financial situation

The U.S. Trustee argues that Debtor's mortgage expense is excessive and unreasonable. The U.S. Trustee also notes that the 2005 bankruptcy amendments lowered the threshold in § 707(b) from "substantial abuse" to mere "abuse." This Court has continued to look at the reasonableness of secured debt expenses when determining whether a case should be dismissed under the new provisions of 11 U.S.C. § 707(b)(3). *See, e.g., In re Brenda M. Nissen*, Case No. BK07-80605-TLS (Bankr. D. Neb. Aug. 21, 2007); *In re Steven G. Lapke*, Case No. BK07-81140-TJM (Bankr. D. Neb. Mar. 31, 2008); and *In re Craig R. Short*, Case No. BK08-80155-TJM (Bankr. D. Neb. May 8, 2008).

In determining whether the totality of the circumstances demonstrates abuse, courts consider a variety of factors, including whether the bankruptcy filing was precipitated by an unseen catastrophic event, such as a sudden illness or unemployment; whether the debtor is eligible for relief under another chapter; whether there are non-bankruptcy remedies available to the debtor; whether the debtor can obtain relief through private negotiations; whether the debtor's proposed budget is excessive or unreasonable; whether the debtor has a stable source of future income; whether the debtor could provide a meaningful distribution in a Chapter 13 case; and whether the debtors' expenses could be reduced significantly without depriving them and their dependents of necessities. *In re Walker*, 383 B.R. 830, 837 (Bankr. N.D. Ga. 2008); *Stapleton v. Walker (In re Walker)*, 381 B.R. 620, 624-25 (Bankr. M.D. Pa. 2008).

As this Court has stated on other occasions, when the presumption of abuse does not arise under 11 U.S.C. § 707(b), there is no "bright line" rule as to whether a debtor's income, housing, or other expenses are so high that it would be an abuse of the provisions of the Bankruptcy Code to grant Chapter 7 relief.

The decision in this case is not an easy one despite how it may look at first glance. Specifically, we have a debtor whose household income (her income plus her non-filing spouse's income) is over $150,000.00 per year and who is spending over $4,400.00 per month on home

---

[1] Congress apparently meant to refer to subsection (A)(i) of Paragraph (2) because there is no subsection (A)(i) of Paragraph (1).

mortgage payments while paying nothing to unsecured creditors. On its face, such a scenario would appear to be an abuse of the provisions of Chapter 7. However, a closer look at the facts mitigates against that conclusion.

Debtor submitted an affidavit (Fil. #29) indicating that the home was purchased at a time when she had what she thought was a very stable job and her salary was a third more than it is now. Ms. Newman subsequently lost her job when the company she worked for was sold. She secured her current employment only six months prior to bankruptcy filing. The bankruptcy filing was precipitated by her job loss. Debtor's Schedule J shows modest expenses, with the only other secured debt payment being a car payment of approximately $359.00 per month. Further, this case has the unique situation of a non-filing spouse. After the marital adjustment (a deduction from the non-filing spouse's income that is not paid on a regular basis for household expenses of Debtor or Debtor's dependents), the non-filing spouse in this case contributes over $5,000.00 per month (before income taxes) of current monthly income to the household. After deducting income taxes, that contribution accounts for a significant portion of the house payment that the U.S. Trustee considers to be excessive. Further, this is not a situation where the house is clearly worth substantially less than the debt against it.

As indicated, this is not an easy decision since the mortgage payment is so high. However, the bottom line is that this bankruptcy was precipitated by a job loss. Further, the non-debtor spouse is not receiving a discharge but is covering most of the expense for the house payment. Debtor's own income (approximately $65,000.00) is not excessively high and she does not otherwise have excessive expenses. Accordingly, under the totality of the circumstances, this proceeding is not an abuse of the provisions of Chapter 7.

IT IS, THEREFORE, ORDERED that the U.S. Trustee's Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) (Fil. #20) is denied.

DATED: May 29, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    John T. Turco
    *Jerry L. Jensen/U.S. Trustee
    Richard D. Myers

Movant (*) is responsible for giving notice to other parties if required by rule or statute.